```
                                          FILED
                                     U.S. DISTRICT COURT
                                   EASTERN DISTRICT OF LA

                                     2005 JUL 14  PM 2: 34

                                       LORETTA G. WHYTE
                                            CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE WALTER GLANDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1312** |
| **JUDGE CHARLES HANEMANN, ET AL.** | **SECTION "J" (3)** |

### REPORT AND RECOMMENDATION

    Plaintiff, Dale Walter Glanders, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Judge Charles Hanemann, Assistant District Attorney Matthew H. Hagen, and indigent defender Julie G. Erny. In this lawsuit, plaintiff claimed that he received an illegal sentence in a state criminal proceeding. As relief, plaintiff sought "immediate release" and monetary damages.

    On April 28, 2005, the undersigned issued a report recommending that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Petitioner filed an objection to that Report and Recommendation, attaching new evidence showing that in May, 2005, a state district court judge ruled that plaintiff's sentence was indeed illegal and granted his motion to correct that sentence.[2]

---

[1]    Rec. Doc. 6.

[2]    Rec. Doc. 9.



On July 8, 2005, the United States District Judge remanded this matter for further consideration in light of that new information.[3]

The undersigned has reviewed the information provided by plaintiff. That information shows that on June 25, 1999, plaintiff pled guilty to five counts of simple burglary. As to each count, he was sentenced to a term of five years imprisonment with the sentences to run concurrently. It was ordered that after plaintiff served three years, each of his sentences would be suspended, and he would be placed on probation for an additional three years. In granting plaintiff's motion to correct an illegal sentence, the state district court judge held:

> Louisiana Code of Criminal Procedure article 895(B) limits incarceration to <u>two years without hard labor</u> when the court imposes a sentence at hard labor but suspends execution of the sentence. In this case, each sentence imposed by the ad hoc judge was illegal because (1) it exceeded the two year limit, and (2) it imposed incarceration at hard labor as a condition of the probated sentence. In addition, each sentence was illegal because the period of incarceration and the period of probation when taken together exceeded the length of the sentence imposed.
> ....
> In this case the court will enter an order correcting the illegal sentences. The court notes that on March 10, 2005, the defendant's probation on each sentence was terminated unsatisfactorily. Therefore, the court will correct the illegal sentences by imposing five (5) years at hard labor on each count, without suspension of sentence, and with credit for all time served since the date of the defendant's arrest. The sentences shall be served concurrently with each other.[4]

Nevertheless, despite the fact that plaintiff has now prevailed in state court on his motion to correct an illegal sentence, the undersigned stands by the original recommendation that this federal civil rights complaint be dismissed for the following reasons.

---

[3] Rec. Doc. 10.

[4] Rec. Doc. 9, Reasons for Judgment Granting Motion to Correct Illegal Sentence (emphasis in original).

2

As noted in the original Report and Recommendation, plaintiff filed this lawsuit *in forma pauperis*.[5] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[6] Construing the complaint broadly[7] and fully considering the Spears hearing testimony,[8] the Court finds that plaintiff's complaint is still subject to dismissal pursuant to § 1915(e)(2)(B).

As an initial matter, it must be noted that plaintiff's claim and request for immediate release are not properly asserted in a federal civil rights action. Rather, "when a state prisoner is challenging

---

[5]   Rec. Doc. 3.

[6]   The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness ... at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).
   When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

[7]   The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[8]   On April 27, 2005, a Spears hearing was held to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted). If plaintiff wishes to assert his claim, he should do so by attempting to file a timely *habeas corpus* petition *after* exhausting his remedies in state court.[9]

Moreover, as noted in the original Report and Recommendation, plaintiff's claims for monetary damages should likewise be dismissed because none of the three named defendants can be held liable for such damages in a federal civil rights action. The first named defendant, Judge Charles Hanemann, enjoys absolute immunity with respect to all claims for monetary damages based on any actions he took in presiding over plaintiff's state criminal proceedings.[10] The second named

---

[9]  The Court further notes that it would be futile to convert the instant civil rights complaint into a *habeas corpus* petition, because it is clear that plaintiff is not currently eligible for such relief. At the Spears hearing, plaintiff stated that he had not filed a writ application with the Louisiana Supreme Court seeking relief from that court. Moreover, on April 27, 2005, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff had filed no applications with that court. Therefore, plaintiff is not currently entitled to federal *habeas corpus* relief because he has not exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (the exhaustion requirement generally is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules).

[10]  It is well established that absolute judicial immunity protects a judge from liability for all judicial functions, so long as he does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); see also Brandley v. Keeshan,

defendant, Assistant District Attorney Matthew H. Hagen, who prosecuted plaintiff on his state criminal charges, is similarly protected by absolute prosecutorial immunity against any claim for monetary damages.[11] The third named defendant, Julie G. Erny, plaintiff's indigent defender in his state criminal proceedings, cannot be held liable in a federal civil rights action because she is not a state actor.[12]

---

64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990). Because there is no question that Judge Hanemann had jurisdiction over plaintiff's criminal case and that any actions he took in that case, including sentencing plaintiff, were performed in the exercise of his judicial functions, he is entitled to absolute immunity.

[11]  "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claim against Hagen relates to actions taken in prosecuting plaintiff's criminal charges, Hagen is protected by absolute immunity.

[12]  "A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law." Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). However, a public defender normally cannot be held liable under § 1983 because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, because Erny is not a state actor, plaintiff has failed to state a cognizable § 1983 claim against her.

The Court notes that in some circumstances an attorney can be held liable under § 1983 if she illegally conspired with the prosecution to deprive a plaintiff of his constitutional rights. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988). In this case, however, plaintiff makes no allegations of such a conspiracy.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of July, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**